[No. 22846. Department Two. March 16, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM THORNBURG, *Appellant*.[1]

[1]Reported in 296 Pac. 824.

*H. N. Martin,* for appellant.

*Joseph H. Johnston,* for respondent.

BEALS, J.—Defendant was charged, by way of information filed by the prosecuting attorney for Lincoln county, with the crime of fraudulently obtaining bounty on wildcat pelts. On a plea of not guilty, trial was had before a jury, which returned a verdict of guilty as charged. From judgment and sentence on this verdict, the defendant appeals.

Appellant assigns error upon the denial by the trial court of his motion for a continuance. This motion was based upon appellant's affidavit, submitted to the court on the morning the case was called for trial pursuant to regular assignment. As ground for the continuance, defendant set forth in his affidavit that, early in the morning of the day fixed for the trial, he was informed by telephone that his wife, who was with her mother at the latter's home a short distance from the county seat, had been suddenly taken ill and removed to a hospital, where she was under treatment, and would consequently be unable to attend the trial; that appellant's wife had been assisting appellant in preparing his evidence, and, in addition, was a ma-

terial witness on his behalf, the affidavit also stating testimony which she would give if sworn as a witness.

Appellant's application for a continuance was denied, but, under the direction of the court, a portion of the affidavit, in which statements were made as to what Mrs. Thornburg would testify, if present, was read to the jury, the court stating to the jury that it was admitted by the state that Mrs. Thornburg, if present at the trial, would testify in accordance with the statements made.

Appellant contends that the court erred in not permitting the entire statement contained in the affidavit to be read to the jury, and also in the procedure followed in placing before the jury that portion of the affidavit which the court directed be read. In our opinion, the procedure followed was in substantial compliance with Rem. Comp. Stat., § 2135, and no reversible error was committed by the trial court, either in denying appellant's motion for a continuance, or in the procedure followed by the court in placing before the jury a statement of the testimony which respondent admitted Mrs. Thornburg would give if present.

Appellant next contends that the trial court erred in overruling his objections to questions propounded to him on cross-examination, and in denying his motion to strike portions of such cross-examination. Appellant, having submitted himself as a witness on his own behalf, was subject to the usual rules of evidence, in so far as the right of cross-examination by opposing counsel was concerned. Appellant contends that his activities as a trapper in Stevens county were no proper subject for cross-examination, and that his objections to questions propounded to him by counsel for the state, in connection with these matters, were improperly overruled, to his great prejudice. We have read the entire cross-examination of appellant con-

tained in the statement of facts, and fail to find therein any error available to appellant.

■ Appellant argues that he was convicted upon the testimony of an admitted accomplice. It is true that one who confessed to fraudulent dealings in connection with claimed bounties on wildcat pelts testified as a witness for the prosecution, but this witness was fully cross-examined by appellant's counsel, and it was for the jury to determine what weight should be given to his testimony.

■ Appellant also argues that the state was permitted to introduce testimony concerning other offenses which, it was alleged, appellant had committed in another county, concerning claimed bounties on wildcat pelts, in connection with which appellant had evidently been charged in the other county with some crime. This evidence consisted, *inter alia,* of testimony by a deputy sheriff of Stevens county, and by the prosecuting attorney, as to admissions made by appellant.

Appellant testified that the pelts in his possession were from animals trapped by himself. In view of these statements, and other testimony on the part of appellant, the state was entitled to cross-examine him concerning his trapping operations, and to show statements made by him at variance with his testimony on the stand, and we find no error in any rulings of the trial court upon such testimony.

Appellant complains of the severity of the sentence imposed upon him, but the same being within the limits prescribed by law, we find in the record nothing in connection therewith which avails appellant anything on this appeal.

The judgment appealed from is affirmed.

TOLMAN, C. J., FULLERTON, BEELER, and MILLARD, JJ., concur.